UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                                                      Case No: 2:17-cv-432-FtM-38CM

DEL H. ACKERMAN and 6 TO 12
STORE 32, INC.,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Default (Doc. 11) filed on October 22, 2017. On July 28, 2017, Plaintiff filed a complaint against Defendants, Del H. Ackerman and 6 to 12 Store 32 [sic] Inc. [1] d/b/a Del's 24 Hour Food Store (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act, 42 U.S.C. *et seq.* Doc. 1. On September 19, 2017, Plaintiff filed a Return of Service showing it served both Defendants a true copy of the Summons and Complaint on August 16, 2017 by substitute service. Docs. 9, 10. To date, Defendants have not appeared in this action.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

---

[1] This appears to be a typographical error. According to www.sunbiz.org, the proper name for the corporation is 6 to 12 Store #2, Incorporated, and there is no listing for "6 to 12 Store 32, Inc." The Court finds that because the registered agent for 6 to 12 Store #2, Inc. was properly served, this error is harmless. Fed. R. Civ. Pro. 61. Accordingly, the court will *sua sponte* correct the corporation's name in this order pursuant to Federal Rule of Civil Procedure 60.

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to a corporation, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). If the address for the registered agent is a private residence,[2] service on the

---

[2] The Court notes that according to www.sunbiz.org, the address for the registered agent of 6 to 12 Store #2, Inc. is 5610 Cynthia Lane, Naples, FL 34112. According to the Collier County Property Appraiser, this address is a single family residential home owned by

corporation may be made by serving the registered agent in accordance with Florida Statutes Section 48.031. Fla. Stat. § 48.081(3)(b). Section 48.031 permits substitute service on the spouse of a person so long as the spouse is not an adversary in the action. Fla. Stat. § 48.031(2)(a). Here, the Affidavit of Service states that a process server from Mercuryserve, Inc. served a true copy of the Summons and Complaint upon Teresa Ackerman, spouse of Del Ackerman, registered agent.[3] Doc. 9. Service of process therefore was properly effected under Federal Rule of Civil Procedure Fed. R. Civ. P. 4(h).

With regard to an individual, service can also be made in accordance with state law for serving a summons. Fed. R. Civ. Pro. (e)(1). As previously discussed, Florida law provides for substitute service on a person's spouse so long as the spouse is not an adversary in the action. Fla. Stat. § 48.031(2)(a). Here, the Affidavit of Service states that a process server from Mercuryserve, Inc. served a true copy of the Summons and Complaint upon Teresa Ackerman, spouse of Del Ackerman. Doc. 10. Service of process therefore was properly effected under Federal Rule of Civil Procedure Fed. R. Civ. P. 4(e).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendants have failed to do so within the time period; therefore, the

---

Delbert Ackerman. *See* Collier County Property Appraiser, http://www.collierappraiser.com/ (last visited Oct. 31, 2017).

[3] According to www.sunbiz.org, Del Ackerman is the registered agent for 6 to 12 Store #2, Inc.

entry of Clerk's Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default (Doc. 11) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendants, Del Ackerman and 6 to 12 Store #2, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record